# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA HEPP and TARA HARDY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br><br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>　　　　Defendant. | Case No.<br><br>ELECTRONICALLY FILED ON May 6, 2019<br><br>**COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiffs Brenda Hepp and Tara Hardy ("Plaintiffs"), on behalf of themselves and all others similarly situated, to recover overtime pay from their employer, AmeriHealth Caritas Services, LLC ("AmeriHealth Caritas" or "Defendant").

2. Plaintiffs bring this action as an opt-in collective action on behalf of themselves and all similarly situated individuals (the "putative FLSA Collective") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiffs' FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. The putative FLSA Collective is made up of all persons who are or have been employed by Defendant as a "Clinical Care Reviewer" (also known as prior-authorization or concurrent review nurses), or other similar positions (collectively "Clinical Care Reviewers"), who

were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform utilization reviews within the applicable statutory period.

5. Plaintiffs and those similarly situated routinely work or worked more than forty (40) hours in a workweek but are not or were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

7. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district.

## PARTIES

8. Defendant AmeriHealth Caritas is a foreign limited liability company with its principal place of business located at 200 Stevens Drive, Philadelphia, Pennsylvania 19113.

9. AmeriHealth Caritas is a subsidiary and/or an affiliate of AmeriHealth, Inc., a Pennsylvania corporation with its headquarters also located in Philadelphia, Pennsylvania.

10. AmeriHealth Caritas operates office locations in multiple states around the country, including a location in Philadelphia, Pennsylvania.

11. AmeriHealth Caritas is a multi-line health insurance company that provides managed care programs and related services.

12. According to its website, AmeriHealth Caritas provides healthcare benefits to more than 5.3 million members nationwide and has more than 35 years of experience managing care for individuals and families in publicly-funded healthcare programs.

13. AmeriHealth Caritas operates in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, Medicaid and Medicare services, behavioral health programs, and medical management products and services to customers and consumers in multiple states across the country, including Pennsylvania.

14. Upon information and belief, AmeriHealth Caritas' gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

15. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Plaintiff Brenda Hepp is an adult resident of Lebanon County, Pennsylvania.

17. Plaintiff Brenda Hepp was employed by Defendant as a Clinical Care Reviewer from approximately April 2018 to April 2019.

18. Plaintiff Tara Hardy is an adult resident of Delaware County, Pennsylvania.

19. Plaintiff Tara Hardy was employed by Defendant as a Clinical Care Reviewer from approximately April 2014 to the end of December 2016.

20. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiffs Hardy and Hepp submitted and filed written consent to join forms in *Wood v. AmeriHealth Caritas Services, LLC*, Case No. 2:17-cv-03697 (E.D. Pa.) (Judge Gerald J. Pappert), but did so after the deadline to join. Defendant would not agree to allow them to join that action.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

21. At all times relevant herein, AmeriHealth Caritas operated a willful scheme to deprive Plaintiffs and others similarly situated of overtime compensation.

22.	Plaintiffs and the similarly situated individuals work or worked as Clinical Care Reviewers performing utilization reviews for Defendant.

23.	As Clinical Care Reviewers, Plaintiffs' and other similarly situated individuals' primary job duty is non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for coverage and payment purposes.

24.	Plaintiffs and the similarly situated individuals were paid a salary with no overtime pay.

25.	Plaintiffs and the similarly situated individuals were classified as exempt from federal and state overtime laws.

26.	Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

27.	For example, between September 23, 2018 and September 30, 2018, Plaintiff Brenda Hepp estimates that she worked approximately 47 hours and did not receive overtime pay for her overtime hours.

28.	As another example, between October 9, 2016 and October 16, 2016, Plaintiff Tara Hardy estimates she worked approximately 47.5 hours and did not receive overtime pay for her overtime hours.

29.	Defendant has been aware, or should have been aware, that Plaintiffs and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. For instance, Defendant has employed or employs LPNs and LVNs as Clinical Care Reviewers to conduct utilization reviews. Defendant also required Plaintiffs and the similarly

situated to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

30. Defendant knew that Plaintiffs and the other similarly situated individuals worked unpaid overtime hours because Plaintiffs both complained about their long hours and the workload.

31. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

33. Plaintiffs file this action on behalf of themselves and the putative FLSA Collective. The putative FLSA Collective is defined as follows:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses), or other job titles performing similar duties for Defendant, who were paid a salary and treated as exempt from overtime laws, and who were primarily responsible for performing utilization reviews for Defendant at any time since three years prior to the filing of this Complaint.

34. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached hereto as Exhibit A. In addition, to date, three additional individuals have consented to writing to be a part of this action. (*See* Ex. B.) Arnetta Proctor and Grace McBrearty also submitted and filed consent to join forms in *Wood v. AmeriHealth Caritas Services, LLC*, Case No. 2:17-cv-03697 (E.D. Pa.) (Judge Gerald J. Pappert). Defendant would not agree to allow Proctor and McBrearty to join that action. Defendant also would not agree to allow Christina DeLoach to join that action, whose consent is also attached and included as part of Exhibit B.

35. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

36. During the applicable statutory period, Plaintiffs and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

37. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Plaintiffs and the putative FLSA Collective to work excessive hours and failing to pay them overtime compensation.

38. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from its practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## **CAUSES OF ACTION**

## **COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

### **FAILURE TO PAY OVERTIME**

**(On Behalf of Plaintiff and the Putative FLSA Collective)**

39. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

40. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41. Defendant suffered and permitted Plaintiffs and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

42. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the putative FLSA Collective the required overtime compensation.

43. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the putative FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the putative FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

44. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the putative FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C.

    § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.     A finding that Plaintiffs and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.     A finding that Defendant violated the overtime provisions of the FLSA;

D.     Judgment against Defendant in the amount of Plaintiffs' and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.     An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.     An award of attorneys' fees and costs incurred in prosecuting this action;

G.     Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.     For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: May 6, 2019                        **SCHALL & BARASCH, LLC**

                                                 /s/Patricia Barasch
                                                 Patricia Barasch, PA Bar No. 70073
                                                 Moorestown Office Center
                                                 110 Marter Avenue, Suite 105
                                                 Moorestown, New Jersey 08057
                                                 Telephone: (856) 914-9200
                                                 Facsimile: (856) 914-8420
                                                 pbarasch@schallandbarasch.com

                                                 **NICHOLS KASTER, PLLP**

                                                 /s/Rachhana T. Srey
                                                 Rachhana T. Srey, MN Bar No. 340133*
                                                 Neil D. Pederson, MN Bar No.0397628*
                                                 4600 IDS Center
                                                 80 South Eighth Street
                                                 Minneapolis, MN 55402
                                                 Telephone: (612) 256-3200
                                                 Facsimile: (612) 338-4878

srey@nka.com
npederson@nka.com

*Motion for Admission Pro Hac Vice forthcoming*

**Attorneys for Plaintiffs, the Putative FLSA Collective**