IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN WOOD and MICHAELENE BARKER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>*Defendant* | CIVIL ACTION<br>NO. 17-3697 |
| BRENDA HEPP and TARA HARDY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>*Defendant*. | CIVIL ACTION<br>NO. 19-2194 |

**ORDER PRELIMINARILY APPROVING PROPOSED**
**CLASS AND COLLECTIVE ACTION SETTLEMENT**

Now before the Court is Plaintiffs' Unopposed Motion for Preliminary Settlement Approval (Dkt. No. 118). **AND NOW**, this 13th day of December 2019, upon consideration of the motion, the memorandum in support thereof and the declarations and exhibits thereto, and the record for each of the above-captioned actions, it is **ORDERED** that the motion is **GRANTED** as follows:

1. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified an FLSA Collective of all persons working for AmeriHealth Caritas who are, or

were, Clinical Care Reviewers UM or Clinical Care Reviewers Sr UM at any time since May 15, 2015, in the *Wood v. AmeriHealth Caritas* action.

2.  Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court preliminarily certifies the following classes:

> <u>Pennsylvania Settlement Class</u>: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Pennsylvania at any time from August 15, 2014 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.
>
> <u>Iowa Settlement Class</u>: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Iowa at any time from August 15, 2015 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.

3.  The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, except for the manageability requirement of Rule 23(b)(2), which the Court need not address for purposes of settlement.

4.  This Order, which preliminarily certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the settlement.

5.  The Court appoints, for settlement purposes only, the following individuals as Class Representatives: Ann Wood (Pennsylvania); Michaelene Barker (Iowa).

6.  The Court appoints, for settlement purposes only, Nichols Kaster, PLLP as Class Counsel.

7.  The Court finds on a preliminary basis that the Settlement Agreement,

along with the plan for distribution of notice, attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the class members. Specifically, based on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, the Court finds that this case involved a *bona fide* dispute over wages. The Court finds that preliminary approval is warranted because the Class Representatives and Class Counsel have adequately represented the class, and the proposed settlement was negotiated at arms-length with the assistance of a respected mediator. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal, and was reached after the parties conducted extensive discovery. The Court also finds that the proposed method of distribution supports preliminary approval, because it takes into account the claimed individual damages of each class member, and because the proposed attorneys' fees, costs, and service payments are likely to be found adequate. The Court finds that the Settlement Agreement, provided to the Court for review, treats class members equitably relative to each other.

8. The settlement notices attached as Exhibits 1 and 2 to the Settlement Agreement are **APPROVED**.

9. The Court appoints JND Legal Administration as Settlement Administrator and directs that notice be distributed pursuant to the notice plan set forth in the Settlement Agreement.

10. Class members may file written objections to the Court, with copies to Class Counsel and counsel for Defendant. All objections must be post marked by no

later than the Notice Response Deadline, as defined in the Settlement Agreement.

11. Class Counsel shall file their motion for Attorneys' Fees, Costs, and Service Payments on or before **Monday, February 3, 2020**.

12. The Court will conduct a Final Approval Hearing on **Thursday, April 2, 2020 at 10:00 a.m.** to determine the overall fairness of the settlement and the amount of attorneys' fees, costs, and service awards.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4