# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN WOOD and MICHAELENE BARKER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>*Defendant* | CIVIL ACTION<br>NO. 17-3697 |
| BRENDA HEPP and TARA HARDY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 19-2194 |

## **ORDER**

AND NOW, this 7th day of April, 2020, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement (ECF No. 122) and Plaintiffs' Unopposed Motion for (1) An Award of Attorneys' Fees and Costs and (2) Approval of Settlement Awards (Dkt. No. 121), as well as the Settlement Agreement (ECF No. 118-3), all exhibits, other pleadings, submissions and filings in this litigation, and the arguments presented to the Court at the April 2, 2020 telephonic final approval hearing (ECF No.126), the Court makes the following findings and it is

**ORDERED** that Plaintiffs' motions are **GRANTED** as follows, consistent with the accompanying memorandum of law:

1. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified an FLSA Collective of all persons working for AmeriHealth Caritas who are, or were, Clinical Care Reviewers UM or Clinical Care Reviewers Sr UM at any time since May 15, 2015, in the *Wood v. AmeriHealth Caritas* action.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies the following classes:

> Pennsylvania Settlement Class: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Pennsylvania at any time from August 15, 2014 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.

> Iowa Settlement Class: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Iowa at any time from August 15, 2015 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.

3. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, except for the manageability requirement of Rule 23(b)(2), which the Court need not address for purposes of settlement.

4. The Court also finds that the collective plaintiffs are "similarly situated" for the certification of a FLSA collective for settlement purposes. 219 U.S.C. § 216(b).

5. This Order, insofar as it reflects that the Court certified a Rule 23 class and FLSA collective action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the

settlement.

6. The Court has appointed, for settlement purposes only, the following individuals as Class Representatives: Ann Wood (Pennsylvania); Michaelene Barker (Iowa).

7. The Court also appointed, for settlement purposes only, Nichols Kaster, PLLP as Class Counsel.

8. The Court now finds that the settlement in all respects is fair, reasonable, and adequate. The terms of the Settlement Agreement are incorporated into this Order. Specifically, based on the submission by Plaintiffs with their motions for Preliminary and Final Settlement Approval, the Court finds that:

    a. this case involved a bona fide dispute over wages;

    b. final approval is warranted because the Class Representatives and Class Counsel have adequately represented the class;

    c. the proposed settlement was negotiated at arms-length with the assistance of a respected mediator;

    d. the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal, and was reached after the parties conducted extensive discovery and motion practice;

    e. the proposed method of distribution supports final approval, because it takes into account the claimed individual damages of each class member, and because there were no objections or exclusions to the class;

    f. the proposed attorneys' fees, costs, and service payments are

adequate;

g. the Settlement Agreement, provided to the Court for review, treats class members equitably relative to each other; and

h. the Settlement Agreement does not frustrate the implementation of the FLSA.

9. The Court finds that the forms of settlement notice provided to the classes satisfy the notice requirements of Rule 23 and meet the requirements of due process.

10. The names of the Participating Class Members, along with their minimum allocation amounts, are set forth in Exhibit D to the Declaration of Rachhana T. Srey submitted with Plaintiffs' Motion for Final Settlement Approval. (Dkt. No. 122-4.) Each Participating Class Member will be bound by the releases set forth in the Settlement Agreement when they cash their settlement check. For Participating Class Members who do not cash their check: (a) FLSA Opt-in Plaintiffs will be bound by the full release, and (b) Rule 23 State Law Class Members will be bound by the full release other than the FLSA release.

11. Class Counsel's request for attorneys' fees of $1,416,666.66 (one third of the common fund) and costs in the amount of $61,901.53 are consistent with the Parties' Settlement Agreement and are reasonable and appropriate. Class Counsel's fees are reasonable and appropriate in consideration of: (1) the size of the fund and the number of persons benefitted; (2) the presence or absence of objections to the terms and/or fees requested; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted by counsel; and (7) awards in similar cases.

12. The Court finds the award of one third of the common fund reasonable in light of the time spent and hourly rates charged by Class Counsel. The Court further finds that the costs requested were reasonably and appropriately incurred in the prosecution of the litigation.

13. Class Counsel's request for approval of service awards is also consistent with the Parties' Settlement Agreement and reasonable in light of the nature of this action. The amounts requested are reasonable in light of the services provided and the risks incurred during the course of the litigation. The Court approves an award of $5,000 to Named Plaintiff Ann Wood, $500 to Named Plaintiff Michaelene Barker, and $300 to each of the Named Plaintiffs Brenda Hepp and to Tara Hardy. The Court also approves an award of $500 to each of the following Plaintiffs who were deposed and who responded to written discovery by the Defendant: Sara Degen, Jetaune Dalton Scales, Maryclaire Friese, Diana Kessler, Kathy McCan, Deborah Whitfield, and Shelli Zug. The Court further approves an award of $300 to each of the following Plaintiffs who responded to written discovery: Theresa Biczelewski, Lucila Carmichael, Marianne Davison, Sarah Fox, Rachel Green, Mary Kay Gallagher, Elizabeth Gallen, Bonnie Guthrie, Tonya Hawfield, Phoebe Husar, Katherine Morris, Deborah Ross, Angela Severs, Carol Shull, Melissa Whiddon, and Dynelle Zehring.

14. As set forth in the Settlement Agreement, the court dismisses without prejudice four individuals' claims who opted into the litigation, but who did not work as Clinical Care Reviewers during the relevant time periods. The claims of these individuals – Fairuz Manion, Latasha Smith-Tutt, Nadia Tran and Maurice Williams – are **DISMISSED** without prejudice.

15. As set forth in the Settlement Agreement, the Court orders Defendant to deposit the Gross Settlement Amount with the Settlement Administrator within thirty-one (31) days of the Settlement Effective Date. The Court approves the subsequent distribution of the settlement funds to Participating Class Members and attorneys' fees and costs to Class Counsel.

16. The Court **ENTERS FINAL JUDGMENT** in this case consistent with the terms of the Settlement Agreement and **DISMISSES** all claims asserted by the Participating Settlement Class Members with prejudice in accordance with the terms of the Settlement Agreement. The final judgment shall not bind any individual who timely opted out of the settlement.

17. The Court orders Compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the settlement or the administration of the settlement.

18. There being no reason to delay entry of this final judgment, the Clerk of the Court shall enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and shall mark this case as **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.